## McCann v. McCann

*Fred T. Cadmus,* for plaintiff.
*Lynn Z. Gold-Bikin,* for defendant.

WOOD, *J.,* April 15, 1981—The issue here presented for decision is whether, and to what extent, to allow pre-trial discovery by this wife against this husband in this divorce action. The procedural setting is as follows:

Wife has sued husband for divorce, and has also sought the usual ancillary economic relief. A special master was appointed, William D. Kraut, Esq., and he held a pre-trial conference with the attorneys for the parties, as per our local rules. During the course of the pre-trial, both parties asked for pre-trial discovery of the other, as an aid to preparation of their cases. The special master recommended that not only should "blanket" discovery be allowed in this case, it should be allowed in every case where there are economic issues, because of the likelihood that prompt allowance of full discovery will materially aid in the prompt disposition of cases.

(We note that the special master did not base his order on the circumstances of this case. However, it appears from the filed answers to interrogatories and from oral argument that husband is the president and principal shareholder of a small, closely held corporation, and we consider that such a situation is one where discovery by oral deposition is especially likely to be helpful.)

Counsel for wife then filed exceptions to the special master's recommendation. In her exceptions and at oral argument, counsel advanced two propositions: one, that no discovery should be allowed until grounds for divorce are shown to exist; and two, that the state and local rules governing divorce proceedings do not permit blanket allowance of oral

depositions. We agree with the second proposition, but not the first.

Because of the newness of the Divorce Code, we are in largely uncharted territory as far as case law goes. What small guidance we have in the area of discovery tells us that the trend (quite correctly, we think) is towards *liberalizing* discovery, particularly on the economic issues: see, e.g. Perlberger, Pennsylvania Divorce Code, § 7.9. Furthermore, we know of nothing which requires us to determine whether grounds for divorce exist before ordering discovery. The intention of the procedural rules adopted by this court and our Supreme Court is to have all issues decided at once.* To do otherwise might be error: see Cohn v. Cohn, Ill. App. Ct. 2d Dist., January 27, 1981 (7 Family Law Reporter 2305). Hence, we think it appropriate to consider whether to permit discovery on the economic issues at the outset of the divorce proceeding, without requiring some sort of initial determination as to whether grounds for divorce exist.

However, we do not think we can issue a blanket order for oral depositions. Pa.R.C.P. 1920.22, which governs discovery in divorce cases, provides for written interrogatories at any time, but for oral depositions only by "special order" of the court. Special order is not defined, but it does not sound as if a "blanket order" would qualify. Our local rule on the subject, 1920.53(A), permits a special master to allow discovery "where exigent circumstances exist." Again, we don't think that such a provision contemplates a blanket order.

Hence, although we are persuaded of the value of

---

*Local Rule 1920.53(A)(4)(b) requires that "all discovery pertaining to the ancillary issues . . . shall be *completed before the first formal hearing.*" (Emphasis supplied.)

discovery in developing the economic aspects of a divorce case, we do not consider that we have the authority to approve a blanket order for oral depositions. However, in this particular case, we think enough has been shown to warrant an oral deposition of defendant's accountant, as requested. Any other oral discovery will have to be specially requested and specifically allowed.

## ORDER

And now, April 15, 1981, we grant leave to plaintiff to take an oral deposition of defendant's accountant, but any further discovery other than by written interrogatories will be permitted only with leave especially granted.